J. C. BEAVERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14829.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Floyd Henson and John L. Green, Shawnee, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, J. C. Beavers, was charged in the District Court of Pottowatomie County with the crime of Murder. He was tried by a jury, found guilty of Manslaughter First Degree and sentenced to Twenty Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that the defendant and his brother, Robert [Bud] Beavers, had become involved in several arguments throughout the day on the 4th of November, 1967. They had been drinking, and the final altercation ended with Robert Beavers being stabbed by the de-

fendant with a 16 inch bayonet type knife. Their sister testified that Robert Beavers had a heart condition and was sick and very weak all that day, and that she heard defendant shouting: "Open the door"— "I'm going to kill you." (cm 321) She said that she then went to bed, and didn't know what happened until J. C. woke her up and told her he had hurt Bud. That her brother was still alive when she went into the room, but she was sure he died only a few minutes later.

Defendant did not take the stand in his own behalf, but the State introduced into evidence a statement taken from the defendant, wherein he stated that his brother, Bud, had tried to attack him with a knife and that he was only defending himself.

This presented a question of fact to be determined by the jury, and they were thoroughly instructed by the trial judge when he submitted the cause to them.

This Court has stated repeatedly, as in Disheroon v. State, Okl.Cr.App., 357 P.2d 236, that:

"In the trial of a criminal case, questions of fact involving the guilt or innocence of the accused are always for the jury, and when on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of the jury will not be disturbed. In such cases, only errors of law will be reviewed."

And, in Williams v. State, Okl.Cr.App., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

The Court has carefully reviewed the record filed herein, and find that the defendant had a fair and impartial trial, the trial judge competently instructed the jury, and that the evidence is sufficient to support their verdict.

The judgment and sentence is, accordingly,

Affirmed.

BRETT, P. J., and BUSSEY, J., concur.