**Keith McCORMICK, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14811.**

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Clyde F. Ross, Okemah, for plaintiff in error.

David Young, Dist. Atty., Franklin D. Rahhal, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Keith McCormick, hereinafter referred to as defendant, was convicted of the crime of Larceny of Domestic Animals by a jury verdict assessing his punishment at a term of imprisonment of three years and one day. Judgment and sentence was imposed in the District Court of Okfuskee County on December 18, 1967, in accordance with the jury verdict and an appeal from same has been perfected to this Court.

Jessie Downing testified that he owned a yellow jersey steer which was stolen on July 10, 1966. In searching for the animal, Downing discovered that the fence wires in the Southeast corner of the pasture where the animal was kept had been untied.

Herman Lee Farries testified that on the date of the crime he was an employee of the defendant's father, Major McCormick, that on the afternoon of that day he was working on his employer's fence when he saw the defendant, together with one G. W. Morgan, leading a jersey steer out of the pasture where Downing kept his steer. The stolen steer was pastured in a lot separated from defendant's father's pasture by a small road. Farries testified that the defendant and Morgan took the steer through the southeast corner of the pasture and into a barn located on the McCormick pasture. Farries further testified that, as a part of his regular chores, he fed that particular steer along with other animals located in the bar for the next few days. On Wednesday morning, July 13, 1966, between 6:00 and 7:00 a. m., Farries testified that he was summoned by the defendant's sister and instructed to take a tire to defendant, who had had a flat on U.S. Highway 66 between Tulsa and Bristow. Farries did so, assisted in fixing a flat on defendant's pick-up, noticed the same steer in the pick-up, and then accompanied the defendant and Morgan to the stockyard at Sand Springs, Oklahoma, where the same steer was sold, with defendant receiving a check in payment therefor. Farries testified that, after defendant cashed the check, defendant bought $5.00 worth of gas for him and he then returned to the farm. Testimony of Farries indicates that he did not know at the time that the steer was stolen and he denied that he was in any way an accomplice to the crime or paid as a result of the theft of the steer.

Aubrey Carr, Deputy Sheriff of Okfuskee County, testified as to his investigation of this particular theft, including the location of defendant's father's pasture adjacent to the pasture from which the steer was taken, that the pastures were separated by a small road, and that the fences facing each other on both pastures had been cut and retied. Witness Carr testified that he went to the Sand Springs stockyard and found a drive-in slip dated July 13, 1966, made out to the defendant, that he discovered an account of sale of one steer on the same date by defendant, and located a scale ticket and cancelled check payable to the defendant. Further uncontroverted testimony was offered by the bookeeper of the Roger Morris Commission Company who identified the scale ticket, cancelled check, and other records admitted into evidence. The manager of the stockyards further identified the documentary evidence.

Evidence for the defendant included testimony of the defendant who denied the crime, stated that he did not remember seeing Morgan or Farries on the day of the crime, and that he had sold a steer on July 13, 1966, which he owned. Father of the defendant testified that Farries was not, to the best of his knowledge, employed on June 10, 1966, although he had employed him at various times. Defendant's sister testified that she did not recall sending Farries with a spare tire to assist the defendant on July 13, 1966. Two other witnesses, a friend of the defendant, and his father's farm foreman, testified to seeing the defendant load a steer into a truck on July 13, 1966, which differed in color from that of the stolen animal.

■ From a review of the evidence, it is apparent that there is a direct and sharp conflict in the evidence and the trial court properly overruled defendant's Motion for a directed verdict, as there was a substantial question of fact for determination by the jury. In Beavers v. State, Okl.Cr., 450 P.2d 850 (1969), this Court held in its Syllabus as follows:

"In the trial of a criminal case, questions of fact involving the guilt or innocence of the accused are always for the jury, and when on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of the jury will not be disturbed. In such cases, only errors of law will be reviewed.

Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

■ Thus, although there is a sharp conflict in the evidence and different inferences may be drawn therefrom, we must accept the finding of the jury as there is evidence to support its verdict. When the record discloses facts sufficient either to warrant acquittal or conviction, the finding of the jury will not be disturbed, and in such cases only errors of law will be reviewed.

It is the defendant's first assignment of error that the trial court should have granted a mistrial because of an occurrence during the voir dire examination of the jury which defendant claims prejudiced his rights. The voir dire examination in question concerns the proceedings had upon examination of Mr. H. B. Billings, the fifteenth juror called by the Clerk, and reads as follows:

"THE CLERK: H. B. Billings. (Juror went to box.)

THE COURT: You may examine.

MR. RAHHAL: Mr. Billings, where do you live?

MR. BILLINGS: Welty.

MR. RAHHAL: What is your occupation?

MR. BILLINGS: Farmer.

MR. RAHHAL: Rancher?

MR. BILLINGS: Yes.

MR. RAHHAL: Do you know the defendant, Keith McCormick?

MR. BILLINGS: Yes.

MR. RAHHAL: Do you know his father?

MR. BILLINGS: Yes, I know—

MR. RAHHAL: Who is his father?

MR. BILLINGS: —I know him too well.

(Laughter in the courtroom)

THE COURT: I'll excuse Mr. Billings.

(Whereupon, other jurors were called and examined.)"

■ It is noted that no evidence of any kind or at any time was offered in support of the defendant's claim that this statement of the prospective juror was prejudicial to his rights. It is fundamental that in passing on a Motion for Mistrial the finding of the trial court will not be disturbed in the absence of evidence that it abused its discretion. The defendant has the burden of proof to sustain any challenge of the jury panel and should make a proper showing by introducing evidence to sustain the challenge. Rooks v. State, Okl. Cr., 417 P.2d 939 (1966). Accordingly, we find this assignment of error to be without merit.

■ It is defendant's other assignment of error that the testimony of Witness Farries is insufficient as he was an accomplice by his own admission and that the testimony of Deputy Sheriff Carr was inadmissible as hearsay. Defendant therefore concludes that there was no evidence that he committed the crime in question. Having carefully reviewed the testimony, we find that the assertion that Witness Farries was "an accomplice by his own admission" is unsupported by the evidence and without legal basis. Witness Farries testified that he had not been charged in relation to this crime nor had he made any agreement or understanding with the prosecuting attorney in exchange for his testimony. Likewise, there was no other evidence to indicate that Witness Farries had ever been charged in connection with this crime.

Title 22 O.S.1961, § 742, provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the

commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

As this Court has held, the test by which to determine whether a witness is an accomplice, where his testimony must be corroborated, is to ascertain whether a witness could be indicted for the offense for which the accused is being tried. Wood v. State, Okl.Cr., 341 P.2d 613 (1959). Where facts as to whether the witness is or is not an accomplice are reasonably susceptible of either interpretation, the issue is for the jury. We note that the trial court properly instructed the jury concerning the matter of accomplices and their testimony, and we find that this question was properly placed before the jury for determination.

■ Regarding the contention of the defendant that the testimony of Deputy Sheriff Carr was inadmissible as hearsay, we would note that a careful review of the record indicates that the trial court properly excluded and admonished the jury to disregard any hearsay evidence offered by this witness. Basically, the testimony of this witness concerned his observations and findings in the course of investigation of the alleged crime. After a careful review of the testimony of this witness, we find nothing so prejudicial that would require a reversal of the conviction. Hay v. State, Okl.Cr., 447 P.2d 447 (1968). We are, therefore, of the opinion that this assignment of error is without merit.

Having carefully reviewed the record, we find that the defendant had a fair and impartial trial, absent errors of law that would require reversal, and that the issues were properly submitted to the jury, and that the evidence supports the verdict. Accordingly, the judgment and sentence appealed from is hereby affirmed.

BRETT, P. J., and NIX, J., concur.