Herbert McGEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–109.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1974.

Benjamin E. Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Lincoln County, Case CRF–73–63, appellant Herbert McGee, hereinafter referred to as defendant, was charged with the offense of Shooting With Intent to Kill, tried in the District Court, and convicted for the lesser included offense of Discharging a Firearm in a Public Place. His punishment was fixed at six (6) months imprisonment. From said judgment and sentence he has perfected a timely appeal to this Court.

In an order dated July 2, 1974, this cause was summarily submitted for the reason that no brief had been filed within the time prescribed by this Court's rules. On July 12, 1974, this Court accepted a brief

"tendered for filing" which is herein accepted. As a result of this filing we will summarily review the assignments of error presented therein.

The evidence adduced at trial from the testimony of John Calvin Todd revealed he left work at approximately 4:30 p. m., June 12, 1973, and accompanied by his wife drove to Davenport, Oklahoma. Upon arriving at or near Davenport he stopped at a liquor store, made a purchase and then drove from the store to the home where defendant was residing. Todd stopped the car in front of the defendant's residence and honked his horn. Defendant appeared at the front door, opened the screen, raised State's exhibit No. 1, a .410 shotgun, and fired at him. Simultaneously, Todd, upon observing defendant raise the shotgun, drove from the residence at a high rate of speed. Pellets from the shotgun blast struck Todd's automobile on the right rear fender with some damage to the vehicle's vinyl top. Following this episode Todd drove directly to the Lincoln County Sheriff's Office where he reported the incident. On cross-examination Todd testified he had not had prior difficulties with defendant.

Charlene Todd, wife of the above witness, testified substantially as Todd.

Nellie Heizelman, a neighbor of defendant, testified she observed two people drive to the front of the above address and heard the gun discharge. She, however, was unable to see who discharged the firearm.

Jerry White, Lincoln County Deputy Sheriff, testified he was dispatched to the residence, arrested defendant, and obtained the shotgun marked as State's exhibit No. 1. White related that upon his arrival at defendant's residence, McGee was present and apparently had consumed a quantity of intoxicants, however, he was not intoxicated himself. He was accompanied, however, by two other persons who were intoxicated. Finally, White related he observed the right rear fender of Todd's vehicle and testified as to the damage caused apparently by the shotgun pellets.

Thereafter, the State rested.

Defendant testified that on the evening before this incident he had been fishing at the Deep Fork River and arrived at home the morning of the incident at approximately 9:00 a. m. He watched television until approximately 2:00 p. m. and then retired for a nap. While taking this nap he was suddenly awakened by a gun blast. Immediately thereafter, he observed Violet Williams standing with his shotgun in hand. She related to him she had just shot at "dirty Todd" and subsequently placed the shotgun in the corner. Finally defendant related difficulties he had with Todd on prior occasions.

The testimony of Violet Williams in substance related prior difficulties she had with Todd and she stated she drove to Davenport, Oklahoma with the Todds shortly before this incident. She related the details on how she had happened to be at the residence where defendant was staying and stated she was the person who discharged the firearm. Her testimony revealed her reason for discharging the firearm to be out of anger resulting from the Todds' forcing her to engage in sexual intercourse with Todd on the preceding date.

Thereafter the defense rested.

The State presented three rebuttal witnesses in rebuttal of details of defendant's defense and prior inconsistent statements of defense witnesses.

Thereafter, the State and defense both rested.

In defense counsel's second proposition of error he urges the evidence is insufficient to sustain the jury's verdict. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom,

since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Beavers v. State, Okl.Cr., 450 P.2d 850 (1969). The State's evidence as shown by the aforementioned statement of facts clearly sets forth that defendant was positively identified as the person who discharged the firearm, the offense for which defendant was convicted. For this reason this Court has no authority to invade the province of the trier of facts and make a determination of defendant's guilt or innocence. We therefore find this proposition to be without merit.

 Defense counsel urges in his first proposition defendant was prejudiced by the prosecutor's improper cross-examination of defendant when he testified in his own behalf. The portion of the cross-examination complained of reproduced at page 64 of the transcript of trial proceedings reads as follows:

"Q. Mr. McGee, I'll ask you if on February the 28th, 1973, you were convicted of the Crime of Assault and Battery with a Dangerous Weapon?

"MR. BUTTS: The Court, please, we object to characterizing the crime. He can ask him if he's been convicted of a felony, but I don't think it's (sic) proper that he name the particular crime.

"THE COURT: Overruled."

*　　*　　*　　*　　*　　*

"THE COURT: You may answer."

Thereupon the defendant answered, "Yes sir."

In the case of Hobson v. State, Okl.Cr., 280 P.2d 735 (1955) this Court approved cross-examination of defendant on prior convictions under circumstances where the prosecutor first asked if the accused had sustained a prior felony conviction. The Court stated that following an affirmative answer the prosecutor may inquire what the conviction is for but may not inquire

as to details of such a conviction. It is this Court's opinion that the form of the question propounded by the prosecutor in the instant case is improper. He first should have inquired as to whether defendant had sustained a prior felony conviction and upon the affirmative answer he could have inquired for what offense that felony conviction represented. Although the above form of the question is improper, it is this Court's opinion the fact that defendant answered in the affirmative negated any possibility of prejudice which could have resulted from the improper form. The reason for formulating such a procedure in cross-examination for prior felony convictions is to shelter the jury from a narrative question which might have some prejudicial effect it if were answered in the negative. In the instant case defendant answered the question in the affirmative and consequently we find the form of the question did not prejudice nor influence the jury's verdict. We therefore find this proposition to be without merit.

The judgment and sentence is affirmed.

BRETT, J., specially concurs.

BUSSEY, J., concurs.

BRETT, Judge (concurring specially).

After reviewing the record before this Court in detail, I concur in this decision. There was sufficient evidence offered for the jury to reach a decision as to whether or not the defendant fired the shot-gun. Likewise, it was within the jury's province to determine whether or not to believe the testimony of Violet Williams. The prosecution offered substantial rebuttal evidence to overcome her testimony that prosecuting witness forced her to engage in sexual relations with him; and for that reason she was angry at the prosecuting witness and fired the shot to scare him and his wife away from defendant's residence.