**Albert "Cricket" TINKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–852.**

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1978.

Guy Fitzsimmons, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Albert "Cricket" Tinker, was charged with Shooting With Intent to Kill, in violation of 21 O.S.Supp.1977, § 652. He was tried in the District Court, Creek County, Case No. CRF–76–157, and convicted by jury of Shooting With Intent to do Bodily Harm, in violation of 21 O.S.1971, § 645. From this judgment and sentence of five (5) years' imprisonment, defendant has perfected this appeal.

The defendant raises two assignments of error on appeal. In the first assignment of error, defendant questions the sufficiency of the evidence. From the testimony of various witnesses, it appears that in the early morning hours of October 24, 1976, the defendant and three ladies arrived at the Green Country Ballroom in Creek County. The three women were seated at a table while defendant searched for an additional chair. Shortly thereafter, Don Bussey, who was apparently intoxicated, asked one of the women to dance. When this offer was refused, he began to use abusive

language, and the defendant intervened. Security guards asked Mr. Bussey and the defendant to step outside. The defendant then walked into the parking lot and a short time later Mr. Bussey and a friend entered the parking lot. Mr. Bussey and his friend testified that the defendant fired a shot without provocation at Mr. Bussey at a distance of from 10 to 20 feet, striking him between the eyes. This version of the shooting was confirmed by a neutral party who had just driven into the parking lot. The defendant testified that Mr. Bussey had followed him into the parking lot and was preparing to strike him when he struck Mr. Bussey in the head, causing the gun to discharge.

In *McGee v. State*, Okl.Cr., 525 P.2d 1366 (1974), it was stated:

" . . . This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. . . ." (Citation omitted)

See also, *Johnson v. State*, Okl.Cr., 569 P.2d 480 (1977). We feel the evidence presented in this case was clearly sufficient to support the verdict of the jury and, therefore, find no support for this assignment of error.

■ Defendant raises excessiveness of punishment as his second assignment of error. In *Lawson v. State*, Okl.Cr., 569 P.2d 479 (1977), this Court cited with approval the following language from *Hill v. State*, Okl.Cr., 550 P.2d 1356 (1976):

" ' . . . When a sentence is within the limits imposed by statute, this Court will not modify the terms of that sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of the Court. . . .' " (Citation omitted)

Although the defendant received the maximum punishment of five years for Shooting With Intent to do Bodily Harm, 21 O.S. 1971, § 645, we do not find anything in the facts or circumstances which would lead this Court to believe the sentence was excessive.

Therefore the judgment and sentence should be and hereby is *AFFIRMED*.

BUSSEY, P. J., and CORNISH, J., concur.