Jessie Thomas STEWART, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–831.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1982.

Donald W. Beauchamp, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from his conviction in Comanche County District Court, Case No. CRF-79-424, for Robbery with Firearms, the appellant Jessie Thomas Stewart, raises two (2) assignments of error.

First, Stewart argues that the evidence was not sufficient to sustain the verdict of the jury. At trial, three (3) witnesses positively identified the appellant as one of the men who participated in the armed robbery of a gas station; the appellant was not seen to wield a weapon but was observed outside the station keeping people from entering the office. In addition a confession signed by the appellant conceding his participation in the crime was admitted into evidence.

The law regarding the sufficiency of evidence necessary to sustain a conviction in a criminal case has been clearly stated on numerous occasions by this Court. The test is whether a prima facie case has been established by the State. As long as that test is satisfied, fact questions are for the jury to determine and resolve. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980); *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979). Upon review of the evidence in determining whether the State has established a prima facie case, this Court will view the evidence in the light most favorable to the State. *Renfro,* supra. This Court will not interfere with a jury's verdict where there is competent evidence in the record from which that jury could reasonably find a defendant guilty as charged, *Renfro,* supra. In the case at bar, we find there was ample evidence to support the verdict of the jury. See also, 21 O.S.1981, § 172.

In his second and final assignment of error, the appellant complains that his punishment is excessive. After a careful review of the record in this case, we are unable to say that the sentence imposed shocks the conscience of this Court; consequently, we find that this assignment of error is also without merit. *Tinker v. State,* 586 P.2d 74 (Okl.Cr.1978).

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.