**Anthony Rex COPELAND, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–445.**

Court of Criminal Appeals of Oklahoma.

June 22, 1983.

David Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., Dena L. Bates, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Anthony Rex Copeland, was convicted of Robbery with Firearms, in Oklahoma County District Court, Case No. CRF–80–3059, was sentenced to twenty-five (25) years' imprisonment, and he appeals.

Although the appellant raises numerous assignments of error on appeal, the

general language utilized in his motion for new trial is insufficient to place the trial judge on notice of the errors now complained of, and failed to allow him an opportunity to cure the alleged errors; thus, the errors complained of have not been properly preserved for review on appeal. See, *McDuffie v. State,* 651 P.2d 1055 (Okl. Cr.1982), and cases cited therein. We again emphasize that it is incumbent upon counsel for the defense to specifically state the reasons underlying the motion for new trial to properly preserve the error(s) for appellate review.[1] Accordingly, we will address only the appellant's allegation that the trial court erred in failing to sustain his demurrer, more properly termed motion for a directed verdict, because the State failed to present sufficient evidence to sustain the conviction.

The State called three witnesses to establish its case, Richard Bruce Johnson and Don Colbert, two employees of Professional Discount Pharmacy located at 615 N.W. 23rd street in Oklahoma City, and James Coffey, a customer who was inside the business when it was robbed shortly before noon on August 2, 1980, by two men. All three of the State's witnesses testified that they were absolutely positive that the appellant was the person who used a sawed-off shotgun to rob the pharmacy of Class A drugs and cash, although he had shaved his head of his shoulder length hair since the robbery occurred.

Carl Edward Simmons, Jr., testified that he was the brother-in-law of the appellant, and that he had been convicted of robbing the Professional Discount Pharmacy on the date in question. He stated that he had been "shooting drugs" at the time of the robbery and had no memory of the commission of the crime; however, he did remember that his brother-in-law, the appellant, had not been present because he remained in Tulsa. The State impeached Simmons' testimony by quoting from his own trial in which he testified that Copeland did indeed make the journey to Oklahoma City.

The appellant testified that he was with a friend at the time the crime occurred; however, he was unable to locate that person at the time of his trial to corroborate his alibi.

 The law regarding the sufficiency of evidence necessary to sustain a conviction in a criminal case has been clearly stated on numerous occasions by this Court. The test is whether a prima facie case has been established by the State. As long as that test is satisfied, fact questions are for the jury to determine and resolve. Upon review of the evidence in determining whether the State has established a prima facie case, this Court will view the evidence in the light most favorable to the State. This Court will not interfere with a jury's verdict where there is competent evidence in the record from which that jury could reasonably find a defendant guilty as charged. *Stewart v. State,* 654 P.2d 1076, 1077 (Okl.Cr.1982), and cases cited therein. In the case at bar, we find there was ample evidence to support the verdict of the jury.

The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

APPENDIX

A) In his first assignment of error, the appellant alleges that the in-court identifications of him by witnesses Johnson and Colbert were tainted because they had viewed the appellant sitting all alone in the courtroom at the preliminary hearing, and had been shown a picture of him with long hair. The record reflects that the witnesses identified the appellant from their observations of him at the time of the robbery; thus, their identifications were reliable even though the confrontation procedure was suggestive. The test set forth by the Supreme Court in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), for use in such situations was met.

B) In his second assignment of error, the appellant complains that the trial court

---

1. We have reviewed the appellant's unpreserved assignments of error for fundamental error and find that no errors requiring reversal or modification exist. See Appendix.

erred in failing to declare a mistrial because the prosecutor had a sawed-off shotgun laying on top of his table during the trial. The record discloses that the prosecutor informed the jury during opening statement that he had a model shotgun for demonstration purposes only. When the State sought to introduce the gun into evidence, the defense's objection was immediately sustained and the gun was removed from the jury's sight. Any error which might have occurred was harmless beyond a doubt.

C) In his third assignment of error, the appellant asserts that the trial court erred in admitting State's Exhibit No. 5, a photograph, which the appellant admitted was a picture of himself with long hair. As we stated in *McGowan v. State,* 380 P.2d 274 (Okl.Cr.1963), quoting from *Cody v. State,* 361 P.2d 307 (Okl.Cr.1961), 84 A.L.R.2d 997:

> Photographs and pictures are admissible where they illustrate or clarify some issue of the case. Whenever it becomes relevant to describe a person, place or thing, and photographs and pictures are shown to be a faithful reproduction of whatever they purport to reproduce, they are admissible for the purpose of assisting the court or jury in understanding the situation.

The photograph was properly introduced.

D) In his fifth assignment of error, the appellant claims that the trial court was required to give a sua sponte precautionary instruction on eyewitness identification. The record discloses that the appellant did not object to the instructions that were given at trial; rather, he with the State, said they were "fine." (Tr. 116). We find that no substantial rights of the appellant were violated because of the absence of a cautionary instruction, as the criteria set forth in *Hair v. State,* 597 P.2d 347 (Okl.Cr. 1979), was met in the instant case.

E) In his final assignment of error, the appellant contends that an accumulation of errors deprived him of a fair trial. For the reasons stated in *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975), this argument is without merit.