## STATE v. BeBEE.

No. 7098.   Decided May 21, 1948.   (195 P. 2d 746.)

See 40 C. J. S., Homicide, sec. 2. Duty in instructing jury in criminal prosecution to explain and define offense charged, see note, 169 A. L. R. 315. See, also, 26 Am. Jur. 191.

Rehearing denied June 29, 1948.

*E. LeRoy Shields,* of Salt Lake City, for appellant.

*Duane A. Frandsen,* Dist. Atty., of Price, and *Grover A. Giles,* Atty. Gen., and *Calvin L. Rampton,* Asst. Atty. Gen., for respondent.

WADE, Justice.

Hiram BeBee appeals from a conviction of murder in the first degree and the sentence of the court that he be executed.

This case is here on a second appeal. On the first appeal we reversed the judgment for errors committed in the first trial. See *State* v. *BeBee,* 110 Utah 484, 175 P. 2d 478. The evidence being substantially the same in the second trial as in the first we refer the reader to that case for a detailed recital. Here we will review only so much of the evidence as is necessary to a decision in this case. Suffice it to say that the homicide grew out of the forcible ejection of defendant and appellant herein from a beer parlor in Mount Pleasant, Utah, by the deceased who was a peace officer. Deceased was not in uniform and defendant was not acquainted with him. A change of venue was granted in the second trial and the case was tried in Carbon County instead of Sanpete County.

BeBee claimed the killing was done in self-defense but the jury found him guilty of murder in the first degree and recommended that he be sentenced to imprisonment for life. The court did not follow this recommendation and used its discretion to sentence him to be executed.

Appellant assigns as errors the giving of certain instructions by the court and the refusal to give some of his proposed instructions; the making of certain demonstrations and remarks by the prosecuting attorney in his argument

to the jury and the refusal of the court to grant a motion for a new trial. We shall discuss each assignment in the order given above.

Appellant argues that because the evidence showed that he fired two shots, either one of which would have been fatal, that it was error for the court to give that portion of his Instruction No. 3, which reads as follows:

"I charge you, therefore, that if you find beyond a reasonable doubt that the deceased, Lon T. Larsen, died as a result of one or more gun shot wounds inflicted by a revolver had and held in the hand of the defendant, and if you find and believe from the evidence that at the time each of the shots were fired, as viewed from the standpoint of the defendant, he, acting as a reasonable person would act under the same circumstances, honestly and in good faith believed that the deceased was about to draw a pistol or other weapon from a rear pocket and inflict serious bodily harm or death upon the defendant with such weapon, and that the defendant acted wholly under the influence of such belief or fear, or if you entertain any reasonable doubt as to whether the defendant so acted in his necessary self-defense, then you should find the defendant not guilty. If two shots were fired, if at the time each was fired you entertain a reasonable doubt as to whether the defendant acted in self-defense as defined in these instructions, you must acquit him. If the defendant fired two shots and each of such shots inflicted a wound which would have caused the death of the deceased, if at the time he fired one such shot you are satisfied beyond a reasonable doubt that he did not act in self-defense as in this instruction defined you cannot acquit him even though you entertain a reasonable doubt as to whether he acted in self-defense when he fired the other shot."

"In determining whether the defendant acted in self-defense you should take into account all of the facts and circumstances transpiring between the time they first met in the beer parlor referred to in the evidence of this case and the firing of the defendant's revolver the second time, also the acts and statements of the defendant, if any were made, immediately after the shooting."

Appellant contends that the above quoted instruction is erroneous because there was no evidence that the second shot either contributed to or accelerated the death of the decedent since the medical testimony was that either shot would have been fatal. There is no merit to ▮ such a contention. The evidence was uncontradicted

that at the time the second shot was fired decedent was still alive. The first shot knocked decedent down and while he appeared to be struggling to get up, defendant shot him again. As long as there is life in a human being the extinguishment of it may be homicide. Where it cannot be determined which of the wounds received by a decedent caused or contributed to his death it becomes a question of fact for a jury to determine. See *State* v. *Francis,* 152 S. C. 17, 149 S. E. 348, 70 A. L. R. 1133; 40 C. J. S., Homicide, § 11, page 855. The court therefore did not err in submitting this question to the jury and instructing it as it did.

The next assignment of error which appellant argues extensively relates to a remark made by the prosecuting attorney in his argument to the jury that one of the witnesses for the defense was a follower of defendant and that his testimony was warped because of his friendship for defendant. The prosecuting attorney did make such a remark although there was no evidence in the record to sustain it, but before he finished his argument he called the jury's attention to the fact that he was mistaken in making such a statement. Under such circumstances this court cannot say that the error was prejudicial to defendant. Appellant also strenuously objected to certain demonstrations made by the prosecuting attorney during his argument to the jury where, by the use of some sticks, he sought to show the distances and positions traveled by the bullets which defendant shot at deceased. He contends it was prejudicial error to use such a demonstration because it was not based on evidence because of the failure to explain the position of the body at the time the shots were fired. The record shows that in this demonstration the jury were told that a table in the courtroom represented the horizontal position of the body at the time the shot was fired. Demonstrations of physical facts are often made by attorneys in arguments to juries. There was evidence introduced at the trial as to the course the bullets took. The jury could not have been misled by the demonstration. We

are of the opinion that appellant was not prejudiced by the district attorney's acts in that regard.

Appellant next contends that the court erred in refusing to grant a new trial. He argues that the evidence is clear that appellant acted in self-defense and that therefore the verdict is contrary to the law and the evidence adduced at the trial. If the only evidence in the case was that produced by appellant this argument might have some weight. However, as we pointed out in our first opinion in this case, there was sufficient evidence from which a jury might reasonably find that appellant guilty of murder in the first degree. The court therefore did not err in refusing to grant a new trial.

Affirmed.

McDONOUGH, C. J., and PRATT and LATIMER, JJ., concur.

WOLFE, J., concurs in the result.