489 P.2d 434

STATE of Utah, Plaintiff and Respondent,

v.

Isaac McDONALD, Defendant and Appellant.

No. 12534.

Supreme Court of Utah.

Sept. 27, 1971.

Robert Edwards, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a jury trial conviction of burglary. Affirmed.

There is no question here as to the corpus delicti. The urgence is made on appeal that one Carter was an accomplice, that his testimony against McDonald was not corroborated and hence there should have been no conviction because of the sanctions in Title 77–31–18, Utah Code Annotated 1953.

The evidence pointed to a sortie by a number of persons, including some Carter brothers and McDonald to the home of a resident of the small town of Benjamin, Utah, inspired, apparently, by an inequitable division of the assets of a deceased person, to which McDonald harbored an objection, plus a thirst for beer at Christmastime. The evidence also pointed up the fact that one of the Carters, a witness for the State, was more of a common carrier of a supply of beer than a member of the James Boys. At least that seems to be what the court concluded at the preliminary hearing, when the court dropped a charge that had been brought against him. The record also reflects that his testimony was not inspired by any promise of immunity, or beer.

No useful purpose would be served in canvassing all of the facts or the law in this case, both of which were interpreted differently by the litigants, but suffice it to say that there were facts that justified a conclusion by the trial court that as a matter of law Carter was not an accomplice,[1] and hence no instruction was necessary on that score, nor with respect to corroboration, which defendant contended should have been the case, and which appeared to be the main point on appeal.

Appellant relies heavily on State v. Olsen[2] as being almost identical factually to the instant case and hence dispositive here. We disagree, since the instant case lacks the significant facts extant there to the effect that the persons involved constantly were together for more than a day before and after the event, all knowingly possessed of a crowbar and zipper bag which were used in the burglary, accompanied with a somewhat protracted surveillance and apparent casing of the premises, and the taking of narcotics later used by all of them after the burglary, and the highly significant clincher to show participation in the offense, of having been granted immunity in favor of the witnesses against the defendant who the appellant claimed were accomplices.

1. It is interesting to note that statutorily our state has not defined an "accomplice," the matter having been left to the decisions of the courts, text writers, etc., reflective of which are State v. Wade, 66 Utah 267, 269, 241 P. 838 (1925);

State v. Coroles, 74 Utah 94, 277 P. 203 (1929), which cited 1 Wharton Crim. Ev. (10th Ed.), sec. 440, p. 921.

2. 21 Utah 2d 128, 441 P.2d 707 (1968).

338

Aside from this, the appeal still is without merit since defendant made no request for an instruction on Carter's role as an accomplice or with respect to corroboration, and under the circumstances of this case where such instructions were given with respect to another Carter,—William, —a member of the safari, but none as to the former, with no request to do so and no objection made to the failure to do so, we believe and hold that the case of State v. Scott,[3] recently decided by us, is dispositive of such contention.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.