497 P.2d 26

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Joseph Gene CARTER, Defendant and Appellant.**

**No. 12467.**

Supreme Court of Utah.

May 11, 1972.

---

**417**

Richard M. Day, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., William T. Evans, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice.

Appeal from a burglary conviction by a jury. Affirmed.

I. State v. McDonald, 26 Utah 2d 336, 489 P.2d 434 (Sept.1971).

This prosecution arose out of circumstances where four young men, in a car, were shown to have gone to a suburban, somewhat isolated home, where one or more or all participated in entering and taking away numerous items of personal property belonging to one temporarily out of the state, some of which later were sold or pawned. One of these young men, at a separate trial, was convicted and sentenced, whereupon he appealed to this court, and we affirmed.[1]

While in jail with the other two passengers in the car used in the burglary, a deputy sheriff in questioning defendant, gave him the Miranda case message quite in harmony with its requirements enunciated in that case, at page 444 of the U. S. Reports, at page 1612 of 86 S.Ct. commencing with "... The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation . . . [etc.]"[2] The sheriff then asked him if he had been a part of the burglary and the response not only was "No," but that he did not want to answer any more questions at that time. The deputy pursued the questioning no further. Several hours later, after a visit with his wife outside his cell, and after he said he had told his wife the truth and that he had nothing to do with it, appellant, in the presence of his wife and the two other

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

young men, whose presences were consented to by everyone, was asked to "tell these guys that you didn't do it." One of the other young men said, "Joe, you just as well tell him the truth . . ." whereupon defendant said. "Okay. I was a part of it. I was a part of the burglary." At this juncture his wife became excited and said, "Joe, why didn't you tell me, you have made me look like a fool in front of this officer."

No objection was made to any of this testimony and no motion made to suppress it,[3] so that, even though we conclude that the Miranda warning properly *was* given, appellant's raising the question of admissibility for the first time on appeal is unimpressive in the light of traditional concepts of appellate review as enunciated in our own cases and other authorities.[4] To determine otherwise would permit an accused to have multiple trials by the simple device of inviting error by condescension, without suggesting to the court an opportunity to rectify the claimed abuse, if any. This is not a case like that suggested in

State v. Cobo.[5] There were no palpable errors violative of fundamental rights in the instant case.

Counsel for defendant also urges error in admitting testimony of Albert Carter. This appears to be without merit, since the record would reflect that by knowing practically nothing in detail, his testimony was harmless if not actually helpful to defendant. Points on appeal with respect to telling the jury it could consider stipulated facts as being true, failing to transcribe and report closing arguments, and alleged incompetency of trial level counsel, as being prejudicial, are not supported by anything substantial in the record.

This court appointed counsel to protect defendant's interests, and his brief and presentation before us are reflective of great dedication and expertise in response to our request, for which we commend and thank him.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

---

3. State v. Tuttle, 16 Utah 2d 288, 399 P.2d 580 (1965), cert. denied 382 U.S. 872, 86 S.Ct. 129, 15 L.Ed.2d 110 (1965) ; Hammonds v. State, 442 P.2d 39, Alaska (1968).

4. Jaramillo v. Turner, 24 Utah 2d 19, 465 P.2d 343 (1970) and cases cited therein, and Hammonds v. State, footnote 3.

5. 90 Utah 89, 60 P.2d 952 (1936).