**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bobby Joe WILLIAMS, Defendant-
Appellant.**

**No. 71–1738.**

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1972.

**394**

Givens L. Adams, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Brian H. Upp, of Andrews, Mosburg, Davis, Elam, Legg & Kornfeld, Oklahoma City, Okl., for defendant-appellant.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Bobby Joe Williams, the only appellant, and Audrey Lee Gage and Ollen Perry Kirk were jointly indicted in a three count indictment of causing to be transported in interstate commerce three falsely made and forged Travelers Express Company money orders in violation of 18 U.S.C. § 2314, one such money order forming the basis for each of the three counts. Specifically, in count 1, Gage and Williams were charged with respect to a particular money order; in count 2, Kirk and Williams were charged with respect to another money order; and in count 3, Williams alone was charged with respect to a third money order.

Prior to trial, Kirk pleaded guilty to the charge contained in count 2 of the indictment. Gage and Williams, each represented by separate counsel, went to trial on their pleas of not guilty, at which time Kirk testified as a Government witness against Williams. Gage was convicted by a jury on count 1 of the indictment and she does not appeal. Williams was acquitted on count 1, but convicted on counts 2 and 3. Williams now appeals the concurrent sentences imposed in connection with counts 2 and 3.

Counsel claims error on the part of the trial court in the following particulars: (1) Failure of the trial court to grant Gage and Williams additional peremptory challenges; (2) refusal of the trial court to give a tendered instruction with respect to the manner in which the testimony of a codefendant or accomplice should be considered by the jury; and (3) failure to strike improper comment made by the prosecuting attorney in closing argument. Upon oral argument, counsel abandoned the matter of improper closing argument. We have, however, reviewed the prosecuting attorney's closing argument, and we agree with counsel that there is nothing contained therein that would warrant or require a reversal.

Pursuant to Fed.R.Crim.P. 24(b), Gage and Williams were granted ten peremptory challenges to be exercised jointly. As the peremptory challenges were about to be exercised, counsel for Gage and Williams respectively asked that Gage and Williams be granted ten peremptory challenges each. This request was apparently based on an alleged conflict between the two as to the type of juror desired, Gage wanting to excuse women jurors and Williams wanting to excuse men jurors, particularly those with a history of government employment. The trial court denied this request and under the circumstances we find no abuse of discretion on the part of the trial court in so doing.

Fed.R.Crim.P. 24(b) provides in part as follows:

" * * * If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. * * * If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly."

In Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919), the Supreme Court was concerned with § 287 of the Judicial Code (36 Stat. 1166), the predecessor of Rule 24(b), and in connection therewith made the following pertinent comment:

" * * * There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. The number of challenges is left to be regulated by the common law or the enactments of Congress. That body has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege they must act accordingly. It may be, as is said to have been the fact in the trial of the present case, that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are unobjectionable to others. But this situation arises from the exercise of a privilege granted by the legislative authority and does not invalidate the law. The privilege must be taken with the limitations placed upon the manner of its exercise."

■ In United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969), we held that it was not error to limit four defendants to a total of eleven peremptory challenges. Incidentally, in the instant case, though the record is not entirely clear, it would appear that Gage and Williams were actually given eleven peremptory challenges. In *Gleeson,* we cited with approval Gradsky v. United States, 342 F.2d 147 (5th Cir. 1965), where it was held not to be error to restrict ten defendants to ten peremptory challenges. To the same effect, *see also* United States v. Crutcher, 405 F.2d 239 (2d Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969), where it was held that a ruling that three defendants were entitled to only ten peremptory challenges to be divided up between the defendants and exercised jointly was not reversible error. In sum, the rule itself grants a trial court discretion as to whether in a trial of more than one defendant there shall be additional peremptory challenges, and whether such are to be exercised separately or jointly. As indicated, under the circumstances disclosed by the record before us, we find no abuse of that discretion.

■ Williams tendered an instruction to the effect that the testimony of any witness who by his own admission had participated in any of the crimes charged in the indictment must, as a matter of law, be considered with close and searching scrutiny and caution. The tendered instruction was aimed at the witness Kirk, a former codefendant who had pleaded guilty and testified upon trial against Williams. It is claimed that as concerns count 2, the only testimony tying Williams into the transaction is Kirk's and that therefor the requested instruction was required. The trial court, however, declined to give the tendered instruction and Williams now argues that the failure to give such is reversible error. We do not agree.

We have recently held that the failure to give a cautionary instruction concerning the testimony of an accomplice when the testimony of the accomplice is the only testimony directly tying the defendant into the criminal transaction is plain error. United States v. Owens, 460 F.2d

268 (10th Cir. 1972), filed April 7, 1972. That case, however, does not control the disposition of the instant case for the reason that the testimony of Kirk, the accomplice, is not the only testimony tying Williams into the crime charged in count 2 of the indictment. Brief reference to the evidence adduced upon trial will demonstrate that there is considerable evidence corroborative of Kirk's testimony.

It was first established that certain Travelers Express Company money orders had been stolen, the serial numbers thereon running in numerical sequence. As relates to count 2, Kirk testified that he received a money order from Williams which he gave to a third party to cash, with the understanding that the proceeds would be split three ways. Other testimony established that a money order, in the amount of $150, was cashed by this third party and the particular money order thus cashed was introduced into evidence. It bore a serial number within the numerical sequence on the money orders previously stolen.

The witness Guinn, a store manager, testified that Williams himself cashed a Travelers Express Company money order, in the amount of $150, and the particular money order thus cashed was also introduced in evidence. It too bore a serial number within the sequence on the money orders previously stolen.

Additionally, the witness Berry testified that Williams gave him at least four Travelers Express Company money orders, all made out in the sum of $150, for the purpose of having Berry cash the same. The four money orders thus given Berry by Williams were also introduced into evidence, and each bore serial numbers within the sequence on the money orders previously reported as stolen.

The net effect of the testimony of such witnesses as Guinn and Berry is that Williams had in his possession stolen money orders, which tends to corroborate Kirk's testimony that he received a money order from Williams, particularly when it develops that the money order which Kirk claimed he got from Williams was in fact stolen and indeed bore a serial number within the numerical sequence on the money orders thus stolen.

So, unlike *Owens,* this is a case where there is corroborating evidence in support of the testimony of the accomplice. Such being the situation, the instant case is controlled by such cases as United States v. Holmes, 453 F.2d 950 (10th Cir. 1972), and Todd v. United States, 345 F.2d 299 (10th Cir. 1965). In *Todd,* there appears the following pertinent comment:

"The trial court refused to give the requested cautionary instruction because there was 'considerable corroboration of the informer in this case and the entire case does not depend upon the testimony of the informer' and that 'the instruction given relating to credibility of the witness is ample and proper to cover the testimony of the informer.'

"While it would have been permissible, even desirable, to call attention to the fact that the government's case is based in part upon the credibility of testimony of an informer of unsavory character, in view of the very substantial corroboration in this case we cannot say it was reversible error for the Court to refuse the requested instruction."

Judgment affirmed.