531 P.2d 1180

STATE of Idaho, Plaintiff-Respondent,

v.

Emil Eugene BOETGER, Defendant-Appellant.

No. 11552.

Supreme Court of Idaho.

Feb. 20, 1975.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, for defendant-appellant.

Dean E. Miller, Miller, Weston & Tunnicliff, Caldwell, for plaintiff-respondent.

SCOGGIN, District Judge, Retired.

The defendant-appellant, Emil Eugene Boetger, charged by information with the crime of grand larceny, entered a plea of not guilty, and after trial was found guilty by a jury; judgment of conviction was entered. He appeals.

The record discloses that Boetger, with the assistance of Mitchell DuBose and Jeffrey DuBose, removed a vanity set (dresser with mirror attached and matching chair) from a residence at Caldwell on the night of October 12, 1973. A pocket watch was also taken by Boetger. As they were transporting the property they were stopped by city and county officers who

arrested Boetger and charged him under three outstanding traffic warrants. Later he was charged with the crime of larceny of the vanity set and watch.

Boetger had been staying at the residence from which the items were taken from October 3 until October 12 when he went to the DuBose residence and requested their assistance in moving some furniture. He offered to pay them ten dollars for their help. The three went to the residence where Boetger was staying and proceeded to a second story bedroom. They moved the furniture from the upstairs bedroom to the DuBose vehicle and drove away.

An officer observed the removal of the furniture, and, knowing there were several traffic warrants outstanding against Boetger, requested assistance from other officers; the DuBose vehicle was stopped and Boetger was arrested under the outstanding warrants. Subsequently he was charged with the crime of grand larceny for removal of the items from the house.

Mitchell DuBose and Jeffrey DuBose testified that during the vehicle stop Boetger handed the watch to Jeffrey DuBose saying that he did not want the police to get the watch, and that Jeffrey DuBose put the watch in the glove compartment of the car while they were driving to the police station. During the process of interrogation at the police station an officer asked if anything else was taken and Mitchell DuBose reminded Jeffrey DuBose of the watch; whereupon Jeffrey and an officer removed the watch from the automobile.

At the trial defendant testified he took the furniture so he could set up housekeeping and that he thought he had the permission of the owner to take the furniture. He denied taking the watch, saying he had not seen the watch until the time of his preliminary hearing.

The primary issue raised by this appeal concerns the trial court's refusal to give certain of the defendant's requested jury instructions which would have cautioned the jury in regard to the credibility to be attached to the testimony of an accomplice testifying under threat of prosecution. I. e.,

"The testimony of an accomplice who provides evidence against a defendant upon some promise or expectancy of immunity from punishment or for personal advantage or vindiction must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the accomplice's testimony has been affected by his interest or by prejudice against the defendant."

Mitchell DuBose and Jeffrey DuBose had testified they were told by an officer they would be charged with first degree burglary if they did not testify against the defendant. The officer denied making such a statement in his testimony.

■ The propriety of giving a cautionary instruction on the credibility of a witness is a matter for the discretion of the trial court. 75 Am.Jur.2d Trial § 682, p. 632 (1974). See, State v. Radabaugh, 93 Idaho 727, 471 P.2d 582 (1970); State v. Puckett, 88 Idaho 546, 401 P.2d 784 (1965); State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967); United States v. Gilbert, 447 F.2d 883 (10th Cir. 1971); Hardy v. United States, 119 U.S.App.D.C. 364, 343 F.2d 233 (1964); Todd v. United States, 345 F.2d 299 (10th Cir., 1965). Considering the factual dispute as to whether the threat of prosecution was in fact made, we can not hold that the trial court's refusal to give such a cautionary instruction under the circumstances constitutes an abuse of discretion, particularly as the trial court gave a cautionary instruction on the witnesses' credibility. See, State v. McKenna, 78 Idaho 647, 309 P.2d 206 (1957).

Regarding the cautionary instruction on an accomplice's testimony, Boetger assigned as error the trial court's refusal to give the following requested instruction:

"It is the law that the testimony of an accomplice ought to be viewed with distrust. This does not mean that you may arbitrarily disregard such testimony, but

you should give to it the weight to which you find it to be entitled after examining it with care and caution and in the light of all the evidence in the case."

The trial court gave instructions accurately delineating the corroboration requirements pursuant to I.C. § 19–2117. Boetger argues that, as a matter of law, the jury, having been instructed as to the statutory requirements of corroboration of an accomplice's testimony, should also have been cautioned as to the credibility to be attached to the testimony of an accomplice.

■ By the instructions given, the jury was informed as to the problems inherent in the testimony of an accomplice. Moreover, the giving of the requested instruction would have created a contradiction with the general credibility instruction by which the jury was instructed they were "the sole judges of the credibility of the witnesses and of the weight of their testimony". Thus we can not hold, under the facts herein, that the trial court's refusal to give the requested cautionary instruction constitutes an abuse of discretion. *Accord,* State v. Clipston, 237 Or. 634, 392 P.2d 772 (1964). See, United States v. Williams, 463 F.2d 393 (10th Cir., 1972); Davis v. United States, 411 F.2d 1126 (5th Cir., 1969); United States v. Ball, 344 F.2d 925 (6th Cir. 1965); Plummer v. State, 515 P.2d 256 (Okl.Cr.1973); State v. McDonald, 26 Utah 2d 336, 489 P.2d 434 (1971).

■ Boetger also assigned as error the trial court's failure to find, as a matter of law, that the DuBose brothers were accomplices. The court submitted that issue to the jury as a question of fact. The record indicates there were facts in dispute as to whether Mitchell or Jeffrey DuBose were accomplices, such as the intent of the DuBose brothers to participate in a criminal act. "Where there are facts in dispute or in conflict which raise a genuine issue as to whether a witness is indeed an accomplice, the court must submit that issue to the jury for resolution." State v. Emmons, 94 Idaho 605, 608, 495 P.2d 11, 14

(1972). *Accord,* State v. Sensenig, 95 Idaho 218, 506 P.2d 115 (1973). We must conclude that the trial court did not err when that court submitted the issue to the jury.

■ Boetger submits that the trial court erred when that court refused to give the following requested instruction:

"The state must establish beyond a reasonable doubt the value of the property stolen because the law provides a greater penalty if the value of the property exceeds $150,000. Value means the fair market value at the time and place where the alleged crime was committed. If an article does not have a market value, its actual value must be determined from a consideration of the facts and circumstances. In no case, however, should you consider the special value to the owner nor the value thereof to any particular person."

The specific error alleged by Boetger is that the trial court did not instruct the jury that the value of the property stolen must be proven beyond a reasonable doubt. However, the court did instruct the jury that every material allegation contained in the information must be proven beyond a reasonable doubt. As to value of the goods taken, the jury was instructed that "grand larceny is committed when the property taken is of a value exceeding one hundred fifty dollars ($150.00)", and that "petit larceny is committed when the property taken is of a value of one hundred fifty dollars ($150.00) or less". Thus the subject matter of the instruction requested had been covered by the instructions given, and refusal of the requested instruction was not error. *Accord,* State v. Carpenter, 92 Idaho 12, 435 P.2d 789 (1967); State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967).

The judgment of conviction is affirmed.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.