**The STATE of Utah, Plaintiff and Respondent,**

v.

**Frank Moran VAUGHN, Defendant and Appellant.**

**No. 14377.**

Supreme Court of Utah.

Aug. 20, 1976.

---

against nature. The nub of this case has to do with the factor of "force" necessary to constitute the offense charged. As a corollary, the questions of 1) propriety of conduct of another convict (acting as a lookout) outside and inside of the courtroom, in alleged violation of the so-called exclusion rule, is a bone of contention where the accused urges prejudiciality in connection therewith, as well as in a 2) failure to give two instructions as to the credibility of a witness who has been granted immunity, and 3) scope and nature of examination as to reputation for truth and veracity of the accused which the trial court did not allow in evidence.

As to 3): Defense counsel asked the *accused,* who took the stand: "What was Paul Warren's[1] reputation on fish tier?"[2] to which an objection was sustained, followed by "What was his reputation on fish tier?" provoking another sustained objection. Counsel asked to approach the bench and the court answered "No, proceed with your questioning." This was followed by counsel's question "Why do you believe Paul Warren would lie about it?" followed by another objection which was sustained,—which ended the colloquy. It seems obvious that defendant's Point 3 on appeal is without merit.

As to 2): Re instructions as to credibility of a witness who has been granted immunity, it may be said that generally such instructions are addressed to the sound discretion of the trial court, which rule is applicable to witnesses generally, including those expecting immunity or having been employed to seek out evidence.[3] The trial court is in the best position to determine what lengths of specificity or emphasis he will indulge with each particular witness of this type, and anyway and after all the jury analyzes and inventories what degree of credibility it

---

Larry R. Keller, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, William W. Barrett, R. Paul Van Dam, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a conviction of a forced crime against nature indulged in by two state's prison inmates. Affirmed.

There was ample evidence to support a conviction for the lesser offense of a crime

---

1. Paul Warren was the alleged "lookout" and a witness for the prosecution.

2. Apparently a tier in a cell block.

3. *State v. Boetger,* 96 Idaho 535, 531 P.2d 1180 (1975); *McLain v. People,* 111 Colo. 271, 141 P.2d 685 (1943).

will attach to a witness.[4] Although Paul Warren, the witness here, was a lookout, the evidence does not point to him as an accomplice in the true sense, since hardly could he have been particeps to an offense involving lack of consent as an element. In this connection reference is made to our rather recent pronouncements in *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1972).

As to 1): Re violation of the exclusion rule when Paul Warren allegedly talked to the accuser Maughan outside the courtroom on the day of the trial. Counsel for defendant in all candor concedes that whether the exclusion rule has been violated is within the sound discretion of the trial court and that to declare a mistrial, the onus is on the accused to demonstrate he has been prejudiced.

As soon as the judge discovered there had been a conversation between Warren and Maughan (accuser and party to the offense), he promptly admonished all witnesses against such practice,—the trial judge apparently either having overlooked such procedure or having considered it unnecessary.

Counsel for defendant chose to rest on his motion for a mistrial, without moving to strike Warren's testimony,—which latter motion would have eliminated any question of unfairness or prejudiciality, had it been granted. Nonetheless, it appears that counsel's argument to the jury forewarned the veniremen, who, as reasonable people could assign what credibility or lack of it on the part of Warren they chose. No matter how the jury reacted to the alleged violation of the exclusion rule,—which violation was highly questionable under the particular facts of this case,—there remained the testimony of Maughan, the alleged victim in this sordid case, whose testimony, if believed, was sufficient to justify the deliberations and conclusion of the jury.

The trial court found that the conversation did not deny the defendant a fair trial, and without canvassing all the other facts in detail, it appears that the trial court did not wander far from the sound discretion incumbent upon him to exercise.

ELLETT, TUCKETT, CROCKETT and MAUGHAN, JJ., concur.

---

4. *State v. Fertig*, 120 Utah 224, 233 P.2d 347 (1951).