The STATE of Utah, Plaintiff
and Respondent,

v.

Raymond Glenn DODGE, Defendant
and Appellant.

No. 14242.

Supreme Court of Utah.

May 9, 1977.

D. Gilbert Athay, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TIBBS, District Judge:

The defendant asks reversal of his jury conviction of aggravated robbery. He alleges error because of insufficiency of evidence and because prosecution witnesses violated the exclusion of witnesses admonition of the trial judge. The decision is affirmed.

After midnight on June 11, 1975, a man took money at gunpoint from the cashier at the Ming Restaurant in Granger, Utah. During the robbery a second male came up to the cash register, told the first man to hurry and then aided him in carrying the funds away. As they fled, a waitress and an off-duty officer ran to the parking lot in time to observe a golden brown sedan with square tail lights, (a Ford Fairlane, Plymouth Duster or Dodge Dart) leave with two men and a woman as occupants. The officer broadcast the information at 12:18 a. m. At 12:25 a. m. another officer observed a gold Duster in his area with similar occupants. He stopped the vehicle and found a pistol similar to the one used in the robbery. All occupants were arrested and a search of the vehicle uncovered cash, checks and IOU's which were positively identified as the ones taken from the cash register in the robbery. One of the men was identified as the robber by the cashier. The appellant was the other male passenger in the vehicle.

At the trial the six prosecution witnesses were sworn and a rule excluding the wit-

nesses from the courtroom was invoked. They were admonished not to discuss their testimony with anyone except counsel.

During the noon recess the State's attorney discussed the case with several of the witnesses in a group. Counsel for defense observed the witnesses discussing their testimony about identification, eyeglasses and time. A motion for mistrial, because of the alleged violation of the exclusion rule, was made and denied.

The evidence was convincing that an armed robbery was committed and that a second male assisted in the robbery. While the State produced no direct evidence that established the defendant's identity as the second man, there was a quantity of circumstantial evidence. This Court has held a conviction can be had on circumstantial evidence if it excluded every reasonable hypothesis except the guilt of the defendant.[1] The jury's verdict was amply supported by the evidence.[2]

It is not the intent of the exclusion rule to deny the right of counsel to talk with their witnesses during the trial. In this case the State's attorney should not have gathered the witnesses together in the hall to talk about the case after the exclusion order. Depending on what was said, the purpose of the exclusion order might have been frustrated.

Whether the exclusion rule has been violated however is within the sound discretion of the trial court and to declare a mistrial the burden is on the accused to demonstrate that he has been prejudiced.[3]

The trial court had other alternatives to the mistrial the appellant requested. A motion to strike or exclude the violating witnesses testimony could have been made. A request that the court instruct the jury that a violation of the admonition was a factor to be considered in determining the witness credibility was also a possible remedy.

The appellant should have availed himself of less drastic means of limiting the possible prejudice to himself.

In this case it is doubtful that the talking of the prosecution witnesses jointly with State's counsel was a violation of the court's exclusion order. No prejudice to the appellant has been shown.[4] The decision is affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN, Justice (dissenting):

For the following reasons I dissent. The main opinion holds whether the exclusion rule has been violated is within the sound discretion of the trial court, and to declare a mistrial the burden is on accused to demonstrate he has been prejudiced.

With these two statements I cannot agree. In support of them, *State v. Vaughn,* Utah, 554 P.2d 210, is cited in the main opinion. I do not now believe that to be good law. My concurrence in *Vaughn* notwithstanding, we should overrule that part of *Vaughn* upon which the main opinion relies.

Whether the exclusion rule has been violated is not within the sound discretion of the trial court. The violation of the rule is not in anyone's discretion. The rule has either been violated, or it has not. A trial judge may rule a violation of the exclusionary rule to be not prejudicial to defendant, but then such ruling is open to attack, as to its correctness.

To place the burden on defendant of showing prejudice, because of a violation of the exclusion rule, is to deny that his conviction and incarceration are not prejudicial. Where a discussion of the evidence to be put before the court constitutes the violation of the rule, intrinsic to that violation is prejudice. Where, as here, the prosecutor

---

1. *State v. Schad,* 24 Utah 2d 255, 470 P.2d 246 (1970).

2. *State v. BeBee,* 113 Utah 398, 195 P.2d 746 (1948).

3. *State v. Vaughn,* Utah, 554 P.2d 210; 14 A.L.R. § 22 p. 105.

4. See Sec. 77-42-1, U.C.A.1953.

**314**

discussed the evidence to be put before the court, with his assembled witnesses, he does for them what the court has ordered them not do, viz., compare their testimonies. At the same time it places the state in a position of wrong doing. The main opinion acknowledges this by stating the prosecutor should not have gathered the witnesses together in the hall to talk about the case, after the exclusion rule had been announced.

In *State v. Tillman*[1] our precise situation was encountered. There however, the court reached what, in my view, was the proper determination—a reversal and a remand for a new trial. Among other things, the court said:

> The prosecutor's desire to interview his witnesses does not excuse the violation of the order. That could readily be accomplished by interviewing the witnesses out of the presence of each other.

There are cases where the evidence is sufficient to convict, aside from that tainted by the violation of the exclusion rule. Here, it would appear, the evidence which was used to convict was tainted by violation of the rule. In addition, there was no direct evidence—it was all circumstantial. In this kind of situation I would conclude the matter should be reversed and remanded for a new trial.

WILKINS, J., concurs in result of Justice MAUGHAN'S dissent.

HALL, J., does not participate herein.

122 N.J.Super. 137, 299 A.2d 419 (1973).