589 P.2d 100

STATE of Idaho, Plaintiff-Respondent,

v.

Reymundo LUCIO, Defendant-Appellant.

No. 12722.

Supreme Court of Idaho.

Jan. 9, 1979.

Kenneth F. Clarke, of Kerr, Williams & Clarke, Blackfoot, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Susan P. Mauk, Asst. Atty. Gen., Boise, for plaintiff-respondent.

TOWLES, Justice Pro Tem.

Defendant Lucio appealed his conviction of two counts of robbery on the ground that the court refused to give an instruction requested by the defendant to the following effect:

> It is the law that the testimony of an accomplice ought to be viewed with distrust. This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with care and in the light of all the evidence in the case.

We find that the trial court correctly refused to give the foregoing instruction, and affirm.

On October 21, 1976, appellant was invited by one Mike Atkinson to go "riding around." While driving in Pocatello, they decided to travel to Blackfoot. Appellant testified that they did this at Atkinson's suggestion so that he could discuss with some other people the purchase of marijuana. Atkinson, on the other hand, testified that they went to Blackfoot, having mutually decided to hold up two stores.

Atkinson further claimed that when they selected the stores to be robbed, Atkinson went into each to look at the floor plan and to see how many people were working, and to "get the lay of the land."

Atkinson further testified that thereafter appellant actually entered the stores and committed the robberies.

Appellant, on the other hand, testified that they made two stops to permit Atkinson to sell "some pot," and when the two were later stopped by a police officer who discovered some money in the trunk of the car appellant testified that this money came from the sale of the pot by Atkinson and accordingly denied any complicity in any robberies.

The trial court correctly instructed the jury as to the definition of an accomplice, the statutory (I.C. § 19–2117) requirement that the testimony of an accomplice must

be corroborated, correctly defined corroboration and further gave the general cautionary instruction to aid the jury in determining the credibility of a witness.

The trial judge, in refusing to give the requested instruction in issue here, observed that the instruction would only serve to confuse the jury, would constitute a comment on the evidence by the court and would be in conflict with the instruction on credibility of the witnesses.

With these observations of the trial judge, this Court agrees.

The defendant, having denied that he was involved in the robberies, raised a direct conflict in the evidence on the issue of whether or not Atkinson was an accomplice, and the trial court properly submitted that issue to the jury. Under the facts in this case, it would have been error for the trial judge to have done otherwise.

As this Court recently stated in *State v. Boetger*, 96 Idaho 535, 536, 531 P.2d 1180, 1181 (1975):

> The propriety of giving a cautionary instruction on the credibility of a witness is a matter for the discretion of a trial court. (Citing cases.) Considering the factual dispute as to whether the threat of prosecution was in fact made, we can not hold that the trial court's refusal to give such a cautionary instruction under the circumstances constitutes an abuse of discretion, particularly as the trial court gave a cautionary instruction on the witnesses' credibility. See, *State v. McKenna*, 78 Idaho 647, 309 P.2d 206 (1957).

In *Boetger*, failure to give the identical instruction involved in this case was assigned as error by the appellant. We further observed:

> By the instructions given, the jury was informed as to the problems inherent in the testimony of an accomplice. Moreover, the giving of the requested instruction would have created a contradiction with the general credibility instruction by which the jury was instructed they were "the sole judges of the credibility of the witnesses and of the weight of their testimony." Thus we can not hold, under the

facts herein, that the trial court's refusal to give the requested cautionary instruction constitutes an abuse of discretion. (Citing cases.)

*Id.* at 537, 531 P.2d at 1182.

It is our view that, in similar circumstances, the court should never instruct the jury that an accomplice's testimony should be viewed with distrust.

No other errors having been assigned, the judgment of conviction is therefore affirmed.

SHEPARD, C. J., McFADDEN and DONALDSON, JJ., and MAYNARD, J. Pro Tem., concur.