## The STATE of Utah, Plaintiff and Respondent,

v.

## Richard Lynn CARLSON, Defendant and Appellant.

### Nos. 16582, 16583.

Supreme Court of Utah.

July 31, 1981.

Mark A. Besendorfer, D. Gilbert Athay, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Olga Agnello-Raspa, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant seeks a reversal of his conviction of two counts of possession of a controlled substance with intent to distribute for value.[1]

In the early evening of August 31, 1978, police officers executed a search warrant at defendant's residence in Salt Lake County.[2]

---

5. U.C.A., 1953, 78–33–1, *et seq.*

1. In violation of U.C.A., 1953, 58–37–8(1)(a)(ii).

2. The officers involved included members of both the Salt Lake County Sheriff's Office and the University of Utah Police, who had cooperated in the surveillance of defendant over a two-month period.

The following items were found during the search of defendant's bedroom: two pistols, five sealed bags of marijuana, an aerosol can with a false bottom which contained six bags of heroin, substances identified as cutting agents for heroin, plastic bags and a sealing device, two precision scales, a set of measuring spoons, a funnel and a strainer.

Defendant and his wife were arrested and charged with two counts of possession of a controlled substance with intent to distribute for value.[3] Defendant was also charged with possession of a deadly weapon by a restricted person.[4] The cases were consolidated and tried before the court without a jury. The state's witnesses were sworn together and defense counsel moved for an order excluding the witnesses.[5]

On the morning of the first day of trial, several of the police officers involved in the search were called to testify. Following the noon recess, defense counsel sought to limit further police testimony on the grounds that the order of exclusion had been violated. Defendant was called and he testified that during the morning recess he left the courtroom and overheard a conversation between the prosecutor, Campbell, and some of the police officers who had testified. Defendant testified as follows:

Q. What did you hear said at that time?
A. Mr. Campbell walked over to the people seated at the bench and told them at that time, "We've got to establish a chain."
Q. Was there any response to that statement?
A. Yes. Someone, his back was to me, and I couldn't see who said, and someone said, "How do we do that?" And he said, "Just do it."

Campbell then testified that no such conversation occurred during the morning recess, but admitted that during the noon recess he had called at least two of the officers into his office to discuss the chain of custody of the evidence. The court stated that although Campbell was entitled to discuss individually with the witnesses what their testimony might be, to talk with any two witnesses together was in violation of the order of exclusion. Nevertheless, the court permitted further testimony subject to defendant's motion to strike. Subsequent testimony offered by the state sought to establish, *inter alia*, that there was a proper chain of custody of the evidence and that the drugs were held by defendant for sale rather than for personal use.

After the state had rested, the defense called several witnesses. Defendant's wife testified that she knew of no controlled substances in the house except for a small amount of marijuana kept by defendant for his personal use. One Bill Jenkins testified that he was a friend of defendant and that he was at defendant's residence in the late afternoon on the date of the search for the purpose of repairing certain electronic equipment. He testified that, unbeknown to defendant, he had left the aerosol can which contained the heroin in defendant's bedroom. Two other witnesses were called and testified that the amount of drugs found in the search was not an unusual amount to be held for personal use.

At the conclusion of the trial, defense counsel renewed its motion to strike the chain of custody testimony as being in violation of the exclusionary rule. The court took the matter under advisement and subsequently determined that defendant was guilty of both counts of possession of a controlled substance, with intent to distribute for value.

On appeal, defendant contends that his convictions should be reversed because 1) the district court erred in denying his motion to strike testimony which was tainted by the violation of the order which excluded witnesses, and 2) the evidence was insufficient to sustain the convictions.

---

3. Supra, footnote 1. The charges against defendant's wife were ultimately dismissed.

4. In violation of U.C.A., 1953, 76–10–503.

5. U.C.A., 1953, 78–7–4.

■ Clearly, the exclusion of witnesses is discretionary with the trial court. U.C.A., 1953, 78–7–4 provides, in pertinent part, as follows:

> ... in any cause the court *may, in its discretion*, during the examination of a witness, exclude any and all witnesses in the cause. [Emphasis added.][6]

Even when properly invoked, the trial court retains discretion in the application of the rule. It is specifically within the court's discretion to decide whether a defendant will be prejudiced by permitting a witness to testify in the face of a violation of the rule.[7] In the instant case, the court made the discretionary ruling to permit the state's witness to testify, although the exclusion order had been violated.

This Court has held that it will not disturb any decision within the discretion of the trial court, unless there is a clear showing of an abuse of that discretion.[8] No such showing has been made in the instant case. Furthermore, the onus of showing wherein he has been prejudiced by a ruling of the lower court falls upon the defendant.[9] Defendant in the instant case merely alleges prejudice without pointing to inconsistencies in the record or other evidence which would show wherein he has been prejudiced. Having failed in his burden, defendant cannot succeed in securing a reversal on the basis that the testimony which established a chain of custody was in violation of the order which excluded the witnesses.

■ Defendant also challenges the sufficiency of the evidence. Defendant contends specifically that there was no evidence adduced at trial which proved that defendant "possessed" the controlled substances found during the search. Unlawful possession does not necessarily mean that the substance be found on the person of the accused or that he have sole and exclusive possession thereof.[10] All that is necessary is that the accused have constructive possession, where the contraband is subject to his dominion and control.[11] Constructive possession may be proved by circumstantial evidence,[12] so long as defendant's guilt is established beyond a reasonable doubt. The controlled substances in the instant case were found during a lawful search of defendant's bedroom, which was undisputedly under his right of dominion and control.

■ It is well established that in order for a convicted defendant to succeed in challenging the sufficiency of evidence adduced at trial, he must establish that the evidence was so inconclusive or insubstantial that a reasonable mind must have entertained a reasonable doubt that the defendant committed the crime.[13] This Court is obliged to assume that the trier of fact believed those aspects of the evidence which support the verdict.[14] Although Jenkins testified that the aerosol can which contained the heroin belonged to him, it was not incumbent upon the trial court to believe that testimony. Likewise, the court could reasonably believe the officer's testi-

---

**6.** See also, *State v. Bonza*, 72 Utah 177, 269 P. 480 (1928), which held that there is no absolute right to have witnesses excluded.

**7.** *State v. Dodge*, Utah, 564 P.2d 312 (1977); *State v. Vaughn*, Utah, 554 P.2d 210 (1976). See also, *State v. Smith*, 90 Utah 482, 62 P.2d 1110 (1936); *Holder v. United States*, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893).

**8.** *State v. Chambers*, Utah, 533 P.2d 876 (1975).

**9.** *State v. Dodge* and *State v. Vaughn*, supra, footnote 7.

**10.** *State v. Bankhead*, 30 Utah 2d 135, 514 P.2d 800 (1973); *State v. Winters*, 16 Utah 2d 139, 396 P.2d 872 (1964).

**11.** *State v. Curtis*, 114 Ariz. 527, 562 P.2d 407 (1977); *People v. Francis*, 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591 (1969); *Petty v. People*, 167 Colo. 240, 447 P.2d 217 (1968).

**12.** *State v. Floyd*, 120 Ariz. 358, 586 P.2d 203 (1978); *State v. Smith*, 15 Wash.App. 716, 552 P.2d 1059 (1976); *People v. Newman*, 5 Cal.3d 48, 95 Cal.Rptr. 12, 484 P.2d 1356 (1971).

**13.** *State v. Daniels*, Utah, 584 P.2d 880 (1978); *State v. Wilson*, Utah, 565 P.2d 66 (1977); *State v. Jones*, Utah, 554 P.2d 1321 (1976).

**14.** *State v. Gandee*, Utah, 587 P.2d 1064 (1978); *State in the Interest of M____ S____*, Utah, 584 P.2d 914 (1978).

mony (and not defense testimony) which went to show that the amount of drugs confiscated was indicative of intent to distribute. Based on the evidence, and the reasonable inferences to be drawn therefrom,[15] it was reasonable for the court to find that defendant knowingly possessed the confiscated substances, with intent to distribute them for value.

Affirmed.

HOWE and OAKS, JJ., concur.

STEWART, J., concurs in the result.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.

---

15. *State v. Christean*, Utah, 533 P.2d 872 (1975).