**STATE of Utah, Plaintiff and Respondent,**

v.

**Richard PIERCE, Defendant and Appellant.**

No. 20943.

Supreme Court of Utah.

July 17, 1986.

Shelden R. Carter, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Richard James Pierce was convicted of theft by securing and retaining stolen property. U.C.A., 1953, § 76-6-408(1), as amended (Supp.1985). In January 1984, defendant bought an air compressor from his friends, Mark Ward and Mike Adams, who had stolen it. Defendant claims error because the trial court improperly (1) refused to dismiss the charge for lack of sufficient evidence; (2) refused to give a proffered jury instruction on testimony of accomplices; and (3) admitted evidence of other crimes (e.g., distribution of drugs). We reject defendant's contentions and affirm his conviction.

On January 13, 1984, Mike Adams and Mark and Joe Ward stole an air compressor from its owner's back yard. A few days later, they offered to sell the equipment to defendant. Adams testified that at that time he told defendant it had been stolen. Defendant and Mark Ward denied at trial that defendant had been told or knew it was stolen. In payment, defendant gave Adams and Ward marijuana valued at $100.

Later in May, Adams, who had since been arrested on other charges, agreed with the police to try to get the compressor back. He went to defendant, again told him the equipment was stolen and that he had to get it back and offered to repay $100. Defendant refused and demanded $180, claiming that because of "repairs," he had now invested that amount in it. After two or three meetings, when Adams finally agreed to pay a higher price, defendant left his trailer and returned shortly with the stolen compressor. It was apparent that no repairs had been made.

On appeal, we view the facts in the light most favorable to the jury's verdict. The findings and verdict of the fact finder will be sustained unless the evidence is so inherently improbable or unsubstantial that a reasonable person could not have reached the same determination beyond a reasonable doubt. *State v. McCardell*, 652 P.2d 942 (Utah 1982); *State v. Lamm*, 606 P.2d 229 (Utah 1980); *State v. Gorlick*, 605 P.2d 761 (Utah 1979). The jury need not accept the version of the facts advanced by a defendant's witnesses, but may disregard them in whole or in part. *Cf. State v. Carter*, 707 P.2d 656 (Utah 1985).

Defendant asserts that the verdict is supported only by Adams' testimony that defendant had been told in January and again in May that the property was stolen. Even so, his testimony is sufficient evidence upon which the jury could find that defendant knew or reasonably believed that the compressor was stolen and still refused to return it when requested in May. Defendant's testimony to the contrary does not alone compel reversal. The existence

of contradictory evidence does not warrant disturbing the jury's verdict. *State v. Howell*, 649 P.2d 91, 97 (Utah 1982); *State v. Lamm*, 606 P.2d at 232. The fact finder is free to weigh the conflicting evidence presented and to draw its own conclusions. *State v. Wulffenstein*, 657 P.2d 289, 292 (Utah 1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983). Moreover, Adams' testimony that defendant refused to return the equipment after he knew it was stolen was corroborated by the testimony of the sheriff's deputy who heard the conversations in which defendant demanded $180 for its return. The evidence is clearly sufficient to support the jury's verdict, and we do not interfere with its findings.

■ According to defendant, Adams was an accomplice to defendant's crime. Therefore, defendant argues, the court should have instructed the jury to view Adams' testimony with caution. *See* U.C.A., 1953, § 77-17-7(2), as amended (1982 ed.). Such an instruction is entirely discretionary with the court, and we will reverse only when it has abused that discretion. *Id.; accord Nathaniel v. State*, 668 P.2d 851, 857 (Alaska App.1983). But we do not consider whether the trial court's failure to give the instruction was an abuse of discretion or even whether the witness was an accomplice because at trial defendant made no request for such an instruction and took no exception to the court's failure to give one. Raised for the first time on appeal, the issue is not properly before us. *State v. McDonald*, 26 Utah 2d 336, 489 P.2d 434 (1971); *State v. Scott*, 22 Utah 2d 27, 447 P.2d 908 (1968).

■ Finally, defendant alleges error by the court in allowing evidence that defend-ant bought the compressor by giving marijuana valued at $100. Defendant asserts that the evidence was not relevant, but that its only purpose was to show defendant's propensity for criminal activity as "a drug dealer." He argues that the probative value to be gained by the evidence was greatly outweighed by its unfair prejudice in portraying him as a dealer in drugs.

Evidence of other wrongdoing by the accused is not admissible to prove a defendant's character or propensity, but is relevant to show intent, knowledge, identity, or other circumstances surrounding the offense. Utah R.Evid. 404(b); *State v. Forsyth*, 641 P.2d 1172 (Utah 1982).[1] In this case, evidence that defendant paid for stolen property with a contraband drug was relevant to show the general circumstances surrounding defendant's purchase, receipt, and retention of the stolen property.[2] The payment with marijuana was an integral element of the transaction. The evidence was relevant and admissible.

Also, defendant has not shown that by its admission he was *unfairly* prejudiced so as to create the likelihood of injustice. We are not persuaded that the relevance of this evidence was substantially outweighed by any unfair prejudice to defendant and should therefore have been excluded under Utah R.Evid. 403.[3] The trial court did not abuse its discretion.

Defendant's conviction is affirmed.

---

1. *See also State v. McCardell*, 652 P.2d 942 (Utah 1982); *State v. Daniels*, 584 P.2d 880 (Utah 1978); *State v. Gibson*, 565 P.2d 783 (Utah 1977); *State v. Baran*, 25 Utah 2d 16, 474 P.2d 728 (1970), similarly decided under former Utah R.Evid. 45(b) and 55.

2. C. Torcia, 1 *Wharton's Criminal Evidence* §§ 242, 244 (13th ed. 1972); *cf. State v. Wulffenstein*, 27 Utah Adv.Rep. 32 (1986).

3. J. Weinstein & M. Berger, 1 *Weinstein's Evidence* § 403[03] (1985).